**ADOBE SYSTEMS, INCORPORATED, et al., Plaintiffs,**

v.

**Lyle A. BRENENGEN d/b/a SOFTWARE EXCHANGE, Defendant.**

No. 5:96–CV–174–BO(1).

United States District Court, E.D. North Carolina, Western Division.

April 4, 1996.

Mark W. Merritt, Robinson, Bradshaw & Hinson, Charlotte, NC, for plaintiffs.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter is before the undersigned on plaintiffs' motion for preliminary injunction. After hearing on the motion, the court GRANTS the motion and enjoins defendant from the rental, lease, or lending of copyrighted works belonging to plaintiffs for commercial advantage.

Plaintiffs are manufacturers of computer software and owners of the copyrights of software programs set forth in the complaint. Defendant is the proprietor of the Software Exchange, a business engaged in the rental of software. Plaintiffs filed this action seeking an injunction prohibiting further rental of their software by defendant.

The standard for evaluating a motion for preliminary injunctive relief is the balance-of-hardship test. *Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189, 194–96 (4th Cir.1977). This four part test balances: (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied; (2) the likelihood of harm to the defendant if the injunction is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest. *Id.* The decision to grant or deny a

preliminary injunction depends upon the "flexible interplay" of all four factors. *Id.* at 196.

 In a copyright action proof of a prima facie case of infringement raises a presumption that the plaintiff can demonstrate a likelihood of success on the merits and irreparable harm. *Service & Training, Inc. v. Data General Corp.*, 963 F.2d 680, 690 (4th Cir.1992). Plaintiffs must prove two elements to establish a prima facie case of copyright infringement in the instant action. First, plaintiffs must prove ownership of the copyrights allegedly infringed by defendant. 17 U.S.C. § 501(a). Second, plaintiffs must prove that defendant engaged in the unauthorized rental, lease, or lending of the copyrighted software for purposes of commercial advantage. *Id.* § 109(b)(1)(A), (b)(4).

With respect to ownership of the copyrights, plaintiffs have attached to their motion copies of the certificates of copyright registration for each of the copyrights involved. Because copyright certificates are prima facie evidence of the "validity of the copyright and the facts stated in the certificate," *id.* § 410(c), plaintiffs have satisfied the first element. Plaintiffs have also satisfied the second element of infringement. Defendant's own admissions at hearing, as well as the Declaration of T.V. O'Malley, reveal that defendant is engaged in the for-profit rental of plaintiffs' software through his business, the Software Exchange, without authorization by plaintiffs.

Notwithstanding this evidence, defendant contends that the rental prohibition does not apply to his business because the Computer Software Rental Amendments Act of 1990 "grandfathered in" businesses, such as his, that began operations before the effective date of the law. Defendant, however, misconstrues the Act. Section 804(b) of the Act merely permits a "person in possession of a particular copy of a computer program, who acquired such copy before the date of the enactment of th[e] Act to dispose ... of that copy ... in any manner permitted by [former 17 U.S.C. § 109]. Pub.L. 101–650, § 804(b) (Dec. 1, 1990). Because the evidence at hearing demonstrated that defendant is engaged in the rental of post–1990 software, § 804(b) does not provide a defense to plaintiffs' claims. Thus, plaintiffs have proven a prima facie case of copyright infringement, satisfying both the likelihood of success on the merits and irreparable harm prongs of the preliminary injunction test.

Analysis under the remaining two prongs of the test further reveals that the balance of hardships favors entry of a preliminary injunction. Because defendant is engaged in infringement, the only hardship he will suffer as a result of an injunction is court-ordered compliance with the copyright laws. Thus, defendant will lose only profits derived from illegal distribution of plaintiffs' software. Furthermore, an injunction will serve the public interest by protecting the "special reward" of copyright which motivates "the creative activity of authors[,] inventors," and programmers. *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 429, 104 S.Ct. 774, 782, 78 L.Ed.2d 574 (1984).

Accordingly, plaintiffs' motion is GRANTED and defendant is enjoined from the rental, lease, or lending of copyrighted works belonging to plaintiffs for commercial advantage.